**THE LAW OFFICE OF**
**PAUL K. JOSEPH, PC**
PAUL K. JOSEPH (SBN 287057)
*paul@pauljosephlaw.com*
4125 W. Pt. Loma Blvd. No. 206
San Diego, CA 92110
Phone: (619) 767-0356
Fax: (619) 331-2943

**THE LAW OFFICE OF**
**JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (SBN 275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

*Counsel for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GILBERT on behalf of himself, all others similarly situated, and the general public, <br><br> Plaintiff, <br><br> v. <br><br> ALL MARKET, INC., <br><br> Defendant. | Case No: 16-cv-6510 <br><br> <u>CLASS ACTION</u> <br><br> **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF CAL. BUS. & PROF. CODE §§17200 *ET SEQ.*; CAL. BUS. & PROF. CODE §§17500 *ET SEQ.*; CAL. CIV. CODE §§ 1750 *ET SEQ.*; AND FOR BREACH OF EXPRESS & IMPLIED WARRANTIES** <br><br> <u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Kenneth Gilbert on behalf of himself, all others similarly situated, and the general public, by and through his undersigned counsel, hereby sues All Market, Inc. ("All Market" or "Defendant"), and alleges the following upon his own knowledge, or where he lacks personal knowledge, upon information and belief, including the investigation of his counsel.

## INTRODUCTION

1.     All Market misleadingly labels and markets its Vita Coco Coconut Oil as both inherently healthy, and a healthy alternative to butter, despite that it is actually inherently *unhealthy*, and a *less healthy* alternative.

2.     Plaintiff relied upon All Market's claims when purchasing Vita Coco Coconut Oil and was damaged as a result. He brings this action challenging All Market's labeling and marketing claims relating to the Vita Coco Coconut Oil on behalf of himself, all other similarly-situated consumers in California, and the general public, alleging violations of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*. ("CLRA"), Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("UCL"), and False Advertising Law, *id*. §§ 17500 *et seq*. ("FAL"). Plaintiff further alleges that All Market breached express and implied warranties under state law.

3.     Plaintiff seeks an order compelling All Market to, *inter alia*, (a) cease marketing the Vita Coco Coconut Oil using the misleading tactics complained of herein, (b) conduct a corrective advertising campaign, (c) destroy all misleading and deceptive materials, (d) restore the amounts by which it has been unjustly enriched, and (e) pay restitution, damages, and punitive damages as allowed by law.

## JURISDICTION & VENUE

4.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) (The Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and because more than two-thirds of the members of the Class reside in states other than the state of which Defendant is a citizen.

5.    The Court has personal jurisdiction over All Market because it has significant, systematic, and continuous business operations in California, and has purposely availed itself of the benefits and privileges of conducting business activities within California.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because plaintiff resides in and suffered injuries as a result of Defendant's acts in this District, many of the acts and transactions giving rise to this action occurred in this District, and Defendant (1) is authorized to conduct business in this District, (2) has intentionally availed itself of the laws and markets of this District through the promotion, marketing, distribution, and sale of its products in this District, and (3) is subject to personal jurisdiction in this District.

## INTRADISTRICT ASSIGNMENT

7.    Because a substantial part of the events giving rise to this civil action occurred in Alameda County, pursuant to Civil Local Rule 3-2, this action is correctly assigned to the San Francisco Division or the Oakland Division.

## PARTIES

8.    Plaintiff Kenneth Gilbert is a resident of Oakland, California.

9.    Defendant All Market, Inc. is a New York Corporation with its principal place of business in New York, New York. All Market is the manufacturer, distributor, and marketer of Vita Coco Coconut Oil. All Market is registered to do business in California as entity number C3572282, maintains a sales team in California, and sells its products through a wide variety of California retailers.

## FACTS

I.    **Saturated Fat Consumption Increases the Risk of Cardiovascular Heart Disease and Other Morbidity**

A.    **The Role of Cholesterol in the Human Body**

10.    Cholesterol is a waxy, fat-like substance found in the body's cell walls. The body uses cholesterol to make hormones, bile acids, vitamin D, and other substances. The body synthesizes all the cholesterol it needs, which circulates in the bloodstream in packages called

*Gilbert v. All Market, Inc.*, Case No. 16-cv-6510
COMPLAINT

lipoproteins, of which there are two main kinds—low density lipoproteins, or LDL cholesterol, and high density lipoproteins, or HDL cholesterol.

11.   LDL cholesterol is sometimes called "bad" cholesterol because it carries cholesterol to tissues, including the arteries. Most cholesterol in the blood is LDL cholesterol.

12.   HDL cholesterol is sometimes called "good" cholesterol because it takes excess cholesterol away from tissues to the liver, where it is removed from the body.

**B.   High Total and LDL Blood Cholesterol Levels are Associated with Increased Risk of Morbidity, Including Coronary Heart Disease and Stroke**

13.   Total and LDL cholesterol blood levels are two of the most important risk factors in predicting coronary heart disease (CHD), with higher total and LDL cholesterol levels associated with increased risk of CHD.[1]

14.   High LDL cholesterol levels are dangerous because "[e]levated blood LDL cholesterol increases atherosclerotic lipid accumulation in blood vessels."[2] That is, if there is too much cholesterol in the blood, some of the excess may become trapped along artery walls. Built-up formations of cholesterol on arteries and blood vessels are called plaque. Plaque narrows vessels and makes them less flexible, a condition called atherosclerosis.

---

[1] *See*, *e.g.*, Dr. Dustin Randolph, *Coconut Oil Increases Cardiovascular Disease Risk and Possible Death Due to Heart Attacks and Stroke* (Sept. 19, 2015) ("Heart attack and stroke risk can be largely predicted based on total and LDL cholesterol levels in people" because "as cholesterol levels increase so does one's risk of symptomatic and deadly heart disease."), *available at* http://www.pursueahealthyyou.com/2015/04/coconut-oil-increases-cardiovascular.html.

[2] USDA Center for Nutrition Policy and Promotion, *Dietary Saturated Fat and Cardiovascular Health: A Review of the Evidence*, Nutrition Insight 44 (July 2011) [hereinafter, "USDA, Review of the Evidence"], *available at* http://www.cnpp.usda.gov/sites/default/files/nutrition_insights_uploads/Insight44.pdf.

*Gilbert v. All Market, Inc.*, Case No. 16-cv-6510
COMPLAINT

15.     This process can happen to the coronary arteries in the heart and restricts the provision of oxygen and nutrients to the heart, causing chest pain or angina. When atherosclerosis affects the coronary arteries, the condition is called coronary heart disease.

16.     Cholesterol-rich plaques can also burst, causing a blood clot to form over the plaque, blocking blood flow through arteries, which in turn can cause an often-deadly or debilitating heart attack or stroke.

17.     Thus, "[f]or the health of your heart, lowering your LDL cholesterol is the single most important thing to do."[3]

**C.     Saturated Fat Consumption Causes Increased Total and LDL Blood Cholesterol Levels, Increasing the Risk of CHD and Stroke**

18.     The consumption of saturated fat negatively affects blood cholesterol levels because the body reacts to saturated fat by producing cholesterol. More specifically, saturated fat consumption causes CHD, among other things, "increas[ing] total cholesterol and low density lipoprotein (LDL) cholesterol."[4]

19.     Moreover, "[t]here is a positive linear trend between total saturated fatty acid intake and total and low density lipoprotein (LDL) cholesterol concentration and increased risk of coronary heart disease (CHD)."[5]

20.     This linear relationship between saturated fat intake and risk of coronary heart disease is well established and accepted in the scientific community.

---

[3]     Pritikin Longevity Center, *Is Coconut Oil Bad for You?*, *available at* https://www.pritikin.com/your-health/healthy-living/eating-right/1790-is-coconut-oil-bad-for-you.html.

[4] USDA Review of the Evidence, *supra* n.2.

[5] Institute of Medicine, *Dietary Reference Intakes for Energy, Carbohydrate, Fiber, Fat, Fatty Acids, Cholesterol, Protein, and Amino Acids*, at 422 (2005) [hereinafter "IOM, Dietary Reference Intakes"], *available at* http://www.nap.edu/catalog.php?record_id=10490.

*Gilbert v. All Market, Inc.*, Case No. 16-cv-6510
COMPLAINT

21.     For example, the Institute of Medicine's Dietary Guidelines Advisory Committee "concluded there is strong evidence that dietary SFA [saturated fatty acids] increase serum total and LDL cholesterol and are associated with increased risk of CVD [cardiovascular disease]."[6]

22.     In addition, "[s]everal hundred studies have been conducted to assess the effect of saturated fatty acids on serum cholesterol concentration. In general, the higher the intake of saturated fatty acids, the higher the serum total and low density lipoprotein (LDL) cholesterol concentrations."[7]

23.     Importantly, there is "no safe level" of saturated fat intake because "any incremental increase in saturated fatty acid intake increases CHD risk."[8]

24.     For this reason, while the Institute of Medicine sets tolerable upper intake levels (UL) for the highest level of daily nutrient intake that is likely to pose no risk of adverse health effects to almost all individuals in the general population, "[a] UL is not set for saturated fatty acids."[9]

25.     In addition, "[t]here is no evidence to indicate that saturated fatty acids are essential in the diet or have a beneficial role in the prevention of chronic diseases."[10]

26.     Further, "[i]t is generally accepted that a reduction in the intake of SFA will lower TC [total cholesterol] and LDL-cholesterol."[11]

---

[6] USDA Review of the Evidence, *supra* n.2.

[7] IOM, Dietary Reference Intakes, *supra* n.5, at 481.

[8] *Id.* at 422.

[9] *Id.*

[10] *Id.* at 460.

[11] Shanthi Mendis et al., *Coconut fat and serum lipoproteins: effects of partial replacement with unsaturated fats*, 85 Brit. J. Nutr. 583, 583 (2001) [hereinafter "Mendis, Coconut fat"].

27.   For these reasons, "reduction in SFA intake has been a key component of dietary recommendations to reduce risk of CVD."[12]

28.   The Institute of Medicine's Dietary Guidelines for Americans, for example, "recommend reducing SFA intake to less than 10 percent of calories."[13] And "lowering the percentage of calories from dietary SFA to 7 percent can further reduce the risk of CVD."[14]

29.   In short, consuming saturated fat increases the risk of CHD and stroke.[15]

**D.   In Contrast to Saturated Fat Consumption, the Consumption of Dietary Cholesterol has No Impact on Blood Cholesterol Levels**

30.   For many years, there has been a common misperception among consumers that dietary cholesterol affects blood cholesterol levels. According to the USDA and Department of Health and Human Services (DHHS), however, "available evidence shows no appreciable relationship between consumption of dietary cholesterol and serum cholesterol."[16]

31.   In fact, the USDA and DHHS have concluded that "Cholesterol is not a nutrient of concern for overconsumption."[17]

---

[12] USDA Review of the Evidence, *supra* n.2.

[13] *Id.*

[14] *Id.*

[15] *See* Mendis, Coconut fat, *supra* n.11, at 583.

[16] USDA & DHHS, *Dietary Guidelines for Americans*, Part D., Chapter 1, at 17 (2015) [hereinafter "USDA & DHHS, Dietary Guidelines"], *available at* http://health.gov/dietaryguidelines/2015-scientific-report/pdfs/scientific-report-of-the-2015-dietary-guidelines-advisory-committee.pdf.

[17] *Id.*

*Gilbert v. All Market, Inc.*, Case No. 16-cv-6510
COMPLAINT

32.     In contrast, the USDA and DHHS state that "[s]trong and consistent evidence from [randomized control trials] shows that replacing [saturated fats] with unsaturated fats, especially [polyunsaturated fats], significantly reduces total and LDL cholesterol."[18]

33.     Therefore, the USDA and DHHS specifically recommend replacing "tropical oils (e.g., palm, palm kernel, ***and coconut oils***)" with "vegetable oils that are high in unsaturated fats and relatively low in SFA (e.g., soybean, corn, olive, and canola oils)."[19]

## II.     Because of its High Saturated Fat Content, the Consumption of Coconut Oil Increases the Risk of Cardiovascular Heart Disease and Other Morbidity

34.     Although it is well established that diets generally high in saturated fatty acids increase the risk of CHD,[20] several studies have specifically shown that consuming coconut oil—which is approximately 90 percent saturated fat—increases the risk of CHD and stroke.

35.     For example, in 2001 the British Journal of Nutrition published a 62-week intervention study that examined the "effect of reducing saturated fat in the diet . . . on the serum lipoprotein profile of human subjects."[21] The study had two intervention phases. In Phase 1 (8 weeks), "the total fat subjects consumed was reduced from 31 to 25 % energy . . . by reducing the quantity of coconut fat (CF) in the diet from 17.8 to 9.3 % energy intake."[22] "At the end of Phase 1, there was a 7.7 % reduction in cholesterol and 10.8 % reduction in LDL and no significant change in HDL and triacylglycerol."[23]

---

[18] *Id.* Part D, Chapter 6, at 12.

[19] *Id.* (emphasis added).

[20] *See* Mendis, Coconut fat, *supra* n.11, at 583.

[21] *Id.*

[22] *Id.*

[23] *Id.*

36.     In Phase 2 (52 weeks), the total fat consumed by subjects was reduced from 25 to 20 % energy by reducing the coconut fat consumption from 9.3 to 4.7 % energy intake.[24] At the end of phase 2, these subjects exhibited a 4.2% mean reduction of total cholesterol and an 11% mean reduction in LDL cholesterol.[25]

37.     The authors of the study noted that "[a] sustained reduction in blood cholesterol concentration of 1 % is associated with a 2-3 % reduction of the incidence of CHD (Law et al. 1994)." Further, "[i]n primary prevention, a reduction of cholesterol by 20% has produced a 31% reduction in recurrent coronary morbidity, a 33% reduction in coronary mortality, and 22% less total mortality (Grundy, 1997)."[26]

38.     Based on these relationships, researchers estimated that "the reduction in coronary morbidity and mortality brought about by the current dietary intervention would be of the order of about 6-8 %."[27]

39.     Simply put, the results of the yearlong study showed that reducing coconut oil consumption "results in a lipid profile that is associated with a low cardiovascular risk."[28]

40.     The detrimental health effects of consuming coconut oil are not limited to long-term consumption. To the contrary, a 2006 study published in the *Journal of the American College of Cardiology* found that consuming a single high-fat meal containing fat from coconut oil "reduces the anti-inflammatory potential of HDL and impairs arterial endothelial

---

[24] *Id.*

[25] *Id.* at 586.

[26] *Id.* at 588.

[27] *Id.*

[28] *Id.* at 587.

*Gilbert v. All Market, Inc.*, Case No. 16-cv-6510
COMPLAINT

function."[29] In the study, researchers examined the effect of consuming a single isocaloric meal that contained "1 g of fat/kg of body weight," with "coconut oil (fatty acid composition: 89.6% saturated fat, 5.8% monounsaturated, and 1.9% polyunsaturated fat)" as the source of fat.[30] They found that consuming the coconut oil meal significantly "reduces the anti-inflammatory potential of HDL and impairs arterial endothelial function."[31] In contrast, when the fat from the same isocaloric meal came from "safflower oil (fatty acid composition: 75% polyunsaturated, 13.6% monounsaturated, and 8.8% saturated fat)," "the anti-inflammatory activity of HDL improve[d]."[32]

41.   Other studies have similarly demonstrated that coconut oil consumption negatively affects blood plasma markers when compared to other fats.

42.   A 2011 study published in the American Journal of Clinical Nutrition found that consuming coconut oil, unlike consuming palm olein and virgin olive oil, decreased postprandial lipoprotein(a), which is associated with an increased the risk of cardiovascular disease.[33]

43.   Similarly, a study comparing the effects of consuming coconut oil, beef fat, and safflower oil found that coconut oil consumption had the worst effect on subjects' blood lipid

---

[29] Stephen J. Nicholls et al., *Consumption of Saturated Fat Impairs the Anti-Inflammatory Properties of High-Density Lipoproteins and Endothelial Function*, 48 J. Am. Coll. Cardio. 715 (2006).

[30] *Id.*

[31] *Id.*

[32] *Id.* at 715.

[33] P.T. Voon et al., *Diets high in palmitic acid (16:0), lauric and myristic acids (12:0 + 14:0), or oleic acid (18:1) do not alter postprandial or fasting plasma homocysteine and inflammatory markers in healthy Malaysian adults*, 94 Am. J. Clin. Nutr. 1451 (2011).

profiles.[34]  The authors noted that "[o]f these fats, only CO [coconut oil] appears to consistently elevate plasma cholesterol when compared with other fats."[35]

44.    Finally, in another study, researchers found that that subjects who consumed 30 percent of energy from fat, with 66.7% coming from coconut oil, had "increased serum cholesterol, LDL, and apo B."[36] (Apo B is a protein involved in the metabolism of lipids and is the main protein constituent of VLDL (very low-density lipoproteins) and LDL. Concentrations of apo B tend to mirror those of LDL, so the higher the level of apo B, the greater the risk of heart disease.) In sum, the study found that consuming coconut oil increased all three cholesterol markers, signifying an increased risk of cardiovascular disease.[37]

III.   All Market's Vita Coco Coconut Oil

A.    All Market's Sale of Vita Coco Coconut Oil

45.    All Market has distributed, marketed, and sold its Vita Coco Coconut Oil on a nationwide basis, including throughout California.

46.    Vita Coco Coconut Oil is available in, at least, 14- and 18-fluid-ounce-jars, as well as 40-count boxes of 0.25 ounce packets.

B.    The Composition of All Market's Vita Coco Coconut Oil

47.    The Nutrition Facts box and ingredient list for All Market's Vita Coco Coconut Oil is depicted below.

---

[34] Raymond Reiser et al., *Plasma lipid and lipoprotein response of humans to beef fat, coconut oil and safflower oil*, 42 Am. J Clin. Nutr. 190, 190 (1985).

[35] *Id.*

[36] V. Ganji & C.V. Kies, *Psyllium husk fiber supplementation to the diets rich in soybean or coconut oil: hypercholesterolemic effect in healthy humans*, 47 Int. J. Food Sci. Nutr. 103 (Mar. 1996).

[37] *Id.*

1
2
3
4
5
6
7
8
9
10
11
12



13    48.    Each 1 tablespoon, or 15ml serving of the All Market's Vita Coco Coconut Oil

14 contains 120 calories—all of which come from fat. In each 14-gram serving there are 14

15 grams of fat.

16    49.    Further, Vita Coco Coconut Oil contains 12 grams of saturated fat per 14-gram

17 serving.

18    50.    In other words, Vita Coco coconut oil is 100% fat, 86% of which is saturated

19 fat.

20    **C.    The Composition of Butter and Other Cooking Oils For Which All Market**

21         **Claims Vita Coco Coconut Oil is a Healthy Substitute**

22    51.    The USDA's National Nutrient Database for Standard Reference lists a 14-gram

23 serving of butter as being composed of 12 grams of fat, 7 of which are saturated, 3 of which

24 are monounsaturated, and 0.5 of which are polyunsaturated.[38]

25

26    ────────────────

[38] USDA Agricultural Research Service, *National Nutrient Database for Standard Reference*
27 *Release 28*, NDB No. 01001, Butter, salted, *available at* http://ndb.nal.usda.gov/ndb/foods.

28

*Gilbert v. All Market, Inc.*, Case No. 16-cv-6510
COMPLAINT

52.   The USDA's National Nutrient Database for Standard Reference lists a 14-gram serving of Canola oil as being composed of 14 grams of fat, 1 of which is saturated, 9 of which are monounsaturated, and 4 of which are polyunsaturated.[39]

53.   The USDA's National Nutrient Database for Standard Reference lists a 1 tablespoon serving of Olive oil as being composed of 13.5 grams of fat, 2 of which are saturated, 10 of which are monounsaturated, and 1 of which is polyunsaturated.[40]

54.   All Markets Vita Coco Coconut Oil is higher in saturated fat, lower in monounsaturated fat, and lower in polyunsaturated fat, than all of these "alternatives."

55.   Thus, using Vita Coco Coconut Oil as a substitute for butter, canola oil, or olive oil would result in increased saturated fat consumption and increased risk of cardiovascular disease and other serious illnesses.

## IV.   All Market Markets Vita Coco Coconut Oil with Misleading Health and Wellness Claims

### A.   All Market Strategically Markets Vita Coco Coconut Oil as a Health Product

56.   All Market strategically markets the Vita Coco Coconut Oil as being healthy in order to increase the price of the product, and its sales.

57.   It is well known that the average consumer is willing to pay more for healthier foods. Nielsen's 2015 Global Health & Wellness Survey, for instance, found that "88% of those polled are willing to pay more for healthier foods."[41]

---

[39] *Id.* NDB No. 04582, Oil, canola.

[40] *Id.* NDB No. 04053, Oil, olive.

[41] Nancy Gagliardi, Forbes, *Consumers Want Healthy Foods--And Will Pay More For Them*, (Feb. 18, 2015) (citing Neilson, *We are what we eat, Healthy eating trends around the world*, at 11 (Jan. 2015)).

58.     All Market is well aware of this and therefore employs a marketing strategy intended to convince consumers that the Vita Coco Coconut Oil has "health benefits," despite that it is almost entirely composed of saturated fat.

**B.      All Market Places Misleading Health and Wellness Claims Directly on the Vita Coco Coconut Oil Label**

59.     Through statements placed directly on the Vita Coco Coconut Oil label, All Market markets and advertises the product as both inherently healthy, and a healthy alternative to butter and other oils, despite that Vita Coco Coconut Oil's total fat and saturated fat content make it unhealthy, and a less healthy alternative.

60.     The front of the Vita Coco Coconut Oil label is depicted below.



*Gilbert v. All Market, Inc.*, Case No. 16-cv-6510
COMPLAINT

61.    The side of the Vita Coco Coconut Oil label is depicted below.



62.    All Market deceptively markets Vita Coco Coconut Oil with a variety of labeling claims intended to convince consumers that the product is healthy, and to conceal or distract from the fact Vita Coco Coconut Oil is pure fat, almost all of which is saturated fat.

63.    For example, on its label, All Market claims Vita Coco Coconut Oil is healthy or healthful by encouraging consumers to treat Vita Coco Coconut Oil as a dietary

supplement, telling them to "Take 1-2 teaspoons a day for oil kinds of health benefits." This claim, taken individually and in context of the label as a whole, is false and misleading because rather than provide "health benefits," the consumption of Vita Coco Coconut Oil adversely affects cholesterol levels and increases risk of CHD, stroke, and other morbidity.

64.   The Vita Coco Coconut Oil packaging also contains a number of comparisons to butter and other oils, suggesting that it is a healthier alternative. In conjunction with the express claim that Vita Coco Coconut Oil provides "health benefits," All Market claims Vita Coco Coconut Oil has "A gazillion percent less cholesterol than butter (in other words, zero)" and places this cholesterol claim next to a picture of a place setting where the plate is shaped like a heart, sending the message that its Vita Coco Coconut Oil is both heart healthy and a healthier alternative to butter. All Market furthers this message by, directly below the cholesterol claim, encouraging consumers to replace butter and other oils with coconut oil because its "The new 'in-gredient' for cooking, baking and frying."

65.   These images and phrases, individually and in the context of the label as a whole, including the prominent message on the front of the label telling consumers to "EAT IT" and "SWEAR BY IT, "  suggest that replacing butter and other oils with Vita Coco Coconut Oil is a healthy choice, despite that doing so increases consumption of saturated fat and decreases consumption of unsaturated fat, and despite that "Strong and consistent evidence from RCTs [randomized controlled trials] and statistical modeling in prospective cohort studies shows that replacing SFA with PUFA [polyunsaturated fat] reduces the risk of CVD events and coronary mortality." [42]

66.   These claims taken individually and especially in context of the label as a whole are false and misleading because Vita Coco Coconut Oil is not healthy or heart healthy, and is not a healthy alternative to butter or other cooking oils, but rather increases consumers' risk of cardiovascular diseases and other serious illness more than other oils or butter.

---

[42] USDA & HHS, Dietary Guidelines for Americans, supra n.16, Part D, Chapter 6 at 12.

67.    In addition, All Market makes material and misleading omissions, especially in light of the affirmative representations made on the product's label. For example, All Market highlights that the product provide "health benefits," giving the impression that it will only make positive contributions to health without revealing that it's consumption will increase risk of serious illnesses. In addition, All Market highlights that the product has "A gazillion percent less cholesterol than butter (in other words, zero)," suggesting that the product will not negatively affect blood cholesterol or will do so substantially less harm than butter. All Market, however, fails to disclose that the product has more saturated fat than butter, which has a greater negative effect on blood cholesterol levels than cholesterol.

68.    In sum, the totality of All Market's Vita Coco Coconut Oil label conveys the concrete message to a reasonable consumer that the product is healthy, heart healthy, provides health benefits, will not adversely affect health, and is a more healthful alternative to butter and other oils. All Market intended consumers to rely upon this message, which is false and misleading for the reasons stated herein.

**V.    All Market's Vita Coco Coconut Oil Labeling Violates California and Federal Laws and Regulations**

**A.    Any Violation of Federal Food Labeling Statutes or Regulations is a Violation of California Law**

69.    California's Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 109875 *et seq.* ("Sherman Law"), incorporates the federal food labeling laws and regulations into state law. *See id.* §§ 110100(a) ("All food labeling regulations . . . adopted pursuant to the federal fact . . . shall be the food labeling regulations in this state."), 110670 ("Any food is misbranded if its labeling does not conform with the requirements for nutrient content or health claims set forth in Section 403(r) (21 U.S.C. Sec. 343(r)) of the federal act and the regulations adopted pursuant thereto."), 110765 ("It is unlawful for any person to misbrand any food.").

*Gilbert v. All Market, Inc.*, Case No. 16-cv-6510
COMPLAINT

70.     The Federal Food Federal Food, Drug, and Cosmetic Act (FDCA) expressly authorizes state regulations, such as the Sherman Law, that are "identical to the requirement[s]" of the FDCA and federal regulations. *See* 21 U.S.C. § 343-1.

71.     Because the Sherman Law's requirements are identical to the requirements of the FDCA and its implementing regulations, the Sherman law is explicitly authorized by the FDCA.

**B.     Vita Coco Coconut Oil's False and Misleading Labeling Claims Render it Misbranded**

72.     All Market's deceptive statements on the label of the Vita Coco Coconut Oil violate Health & Safety Code § 109875, and 21 U.S.C. § 343(a), which deem a food product misbranded when its label contains any statement that is "false or misleading in any particular."

73.     In addition, the Vita Coco Coconut Oil's label is misleading, and thus misbranded, because "it fails to reveal facts that are material in light of other representations." 21 C.F.R § 1.21.

**C.     Vita Coco Coconut Oil is Misbranded Because it Bears a Prohibited Implied Nutrient Content Claim—that it Provides "Health Benefits"**

74.     The label of Vita Coco Coconut Oil bears an implied nutrient content claim, because it bears a statement suggesting that because of its nutrient content, the product may help consumers maintain healthy dietary practices, and that statement is made in connection with an implicit claim or statement about nutrients. *See* 21 C.F.R. § 101.13(b). Specifically, All Market claims its Vita Coco Coconut Oil provides "health benefits" and that Vita Coco Coconut Oil has "A gazillion percent less cholesterol than butter (in other words, zero)."[43]

---

[43] In a January 13, 2015 warning letter to Carrington Farms regarding its coconut oil, the FDA found that the statement "Our unrefined . . . coconut oil is simply pressed and bottled so it retains its original nutrient content . . . No Trans & Hydrogenated Fats," was sufficient to render "health" claims made in connection with that statement implied nutrient content claims.

*Gilbert v. All Market, Inc.*, Case No. 16-cv-6510
COMPLAINT

75.     Vita Coco Coconut Oil does not meet the requirements for use of the implied nutrient content claims, "health benefits," which are set forth in 21 C.F.R. § 101.65(d).

76.     Specifically, to "use the term "healthy" or related terms (e.g., "health," "healthful," "healthfully," "healthfulness," "healthier," "healthiest," "healthily," and "healthiness")" as an implied nutrient content claim, foods must satisfy specific "conditions for fat, saturated fat, cholesterol, and other nutrients." 21 C.F.R § 101.65(d)(2).

77.     Vita Coco Coconut Oil, which is a food "not specifically listed" in the table contained in 21 C.F.R § 101.65(d)(2)(i), is therefore governed by section (F) of the table. *See* 101.65(d)(2)(i)(F).

78.     Under 21 C.F.R. § 101.65(d)(2)(i)(F), to use the term "healthy" or related terms as an implied nutrient content claim, a food must (1) be "Low fat as defined in § 101.62(b)(2)," (2) be "Low saturated fat as defined in § 101.62(c)(2)," and (3) contain "At least 10 percent of the RDI or the DRV per RA of one or more of vitamin A, vitamin C, calcium, iron, protein or fiber." *See* 21 C.F.R. § 101.65(d)(2)(i)(F) (incorporating by reference total fat requirement, 21 C.F.R. § 101.62(b)(2), and saturated fat requirement, 21 C.F.R. § 101.62(c)(2)).

79.     Section 101.62(b)(2)(i)(B) provides the applicable definition of "low fat" for Vita Coco Coconut Oil because it has a RACC of less than 30 grams.

80.     Under section 101.62(b)(2)(i)(B), a food is low fat only if it "contains 3 g or less of fat per reference amount customarily consumed and per 50 g of food."

81.     Vita Coco Coconut Oil contains 14 grams of total fat per RACC and 50 grams of total fat per 50 grams.

82.     Thus, Vita Coco Coconut Oil does not meet the definition of low fat as required by section 101.65(d)(2)(i)(F).

83.     Under section 101.62(c)(2), a food is "low saturated fat" only if it "contains 1 g or less of saturated fatty acids per reference amount customarily consumed and not more than 15 percent of calories from saturated fatty acids."

84.   Vita Coco Coconut Oil contains 12 grams of saturated fat per RACC and approximately 86% of calories come from saturated fat.

85.   Thus, Vita Coco Coconut Oil does not meet the definition of low saturated fat as required by section 101.65(d)(2)(i)(F).

86.   Further, Vita Coco Coconut Oil does not contain "at least 10 percent of the RDI or the DRV per RA of one or more of vitamin A, vitamin C, calcium, iron, protein or fiber."

87.   Therefore, Vita Coco Coconut Oil cannot bear the term "health benefits" on its label, and is accordingly misbranded.

**D.   Vita Coco Coconut Oil is Misbranded Because it Bears a Prohibited Cholesterol Content Claim**

88.   The label of Vita Coco Coconut Oil claims that the product has "A gazillion percent less cholesterol than butter (in other words, zero)."

89.   Vita Coco Coconut Oil does not meet the requirements for bearing such a "less cholesterol" or "zero [cholesterol]" claim.

90.   Specifically, to use the phrase "zero cholesterol" on "foods that contain more than 13 g of total fat per reference amount customarily consumed, per label serving, or per 50 g if the reference amount customarily consumed is 30 g or less or 2 tablespoons or less," 21 C.F.R. § 101.62(d)(1)(ii), the food must "contain[ ] 2 g or less of saturated fatty acids per reference amount customarily consumed," 21 C.F.R. § 101.62(d)(1)(ii)(C).

91.   Vita Coco Coconut Oil contains 12 grams of saturated fat per RACC.

92.   Therefore, Vita Coco Coconut Oil cannot bear the term "zero [cholesterol]" on its label, and is accordingly misbranded.

93.   Further, to use the phrase "less cholesterol" on a "food[ ] that contain[s] more than 13 g of total fat per reference amount customarily consumed, per labeled serving, or per 50 g if the reference amount customarily consumed is 30 g or less or 2 tablespoons or less," 21 C.F.R. § 101.62(d)(4)(ii), the food (i.) must be "specifically formulated, altered, or processed to reduce its cholesterol by 25 percent or more from the reference food it

resembles," 21 C.F.R. § 101.62(d)(4)(ii)(A), (ii.) must "contain[ ] 2 g or less of saturated fatty acids per reference amount customarily consumed," 21 C.F.R. § 101.62(d)(4)(ii)(B), and (iii.) must also "disclose[ ] the level of total fat in a serving . . . of the food" "in immediate proximity to [the cholesterol] claim," and "in type that shall be no less than one-half the size of the type used for such claim," 21 C.F.R. § 101.62(d)(4)(ii)(C).

94.    For comparative claims (i.e. "less cholesterol than____"), section 101.62(d)(4)(ii)(D) also requires that "[q]uantitative information comparing the level of cholesterol in the product per labeled serving with that of the reference food that it replaces (e.g., 'Cholesterol lowered from 55 mg to 30 mg per serving. Contains 13 g of fat per serving.') [be] declared adjacent to the most prominent claim or to the nutrition label," 21 C.F.R. § 101.62(d)(4)(ii)(D)(2).

95.    Vita Coco Coconut Oil, however, does not meet these requirements for bearing a comparative "less cholesterol" claim.

96.    Specifically, Vita Coco Coconut Oil is not "specifically formulated, altered, or processed to reduce its cholesterol," as required by 21 C.F.R. § 101.62(d)(4)(ii)(A). This is because, like all plants, coconuts are naturally free of cholesterol.

97.    Vita Coco Coconut Oil also contains 12 grams of saturated fat per RACC, in violation of 21 C.F.R. § 101.62(d)(4)(ii)(B).

98.    Nor does the Vita Coco Coconut Oil label "disclose[ ] the level of total fat in a serving . . . in immediate proximity to" the "less cholesterol" claim. All Market only discloses the total fat in a serving of its Vita Coco Coconut Oil in the nutrition facts panel, which is on the opposite side of the label from the "less cholesterol" claim.

99.    Because All Market makes a "relative claim" by comparing the cholesterol in its Vita Coco Coconut Oil to that of butter, but its Vita Coco Coconut Oil's label does not give "[q]uantitative information comparing the level of cholesterol in the product per labeled serving with that of the reference food that it replaces," Vita Coco Coconut Oil also violates 21 C.F.R. § 101.62(d)(4)(ii)(D)(2).

*Gilbert v. All Market, Inc.*, Case No. 16-cv-6510
COMPLAINT

100.   For at least these reasons, Vita Coco Coconut Oil cannot bear the claim "less cholesterol" on its label, and is accordingly misbranded.

### E.   Vita Coco Coconut Oil is Misbranded Because it Bears an Unauthorized Health Claim

101.   Pursuant to 21 C.F.R. § 101.14(a)(1), a "[h]ealth claim means any claim made on the label or in the labeling of a food, including a dietary supplement, that expressly or by implication, including . . . written statements . . . , symbols (e.g., a heart symbol) . . . characterizes the relationship of any substance to a disease or health-related condition. Implied health claims include those statements, symbols, vignettes, or other forms of communication that suggest, within the context in which they are presented, that a relationship exists between the presence or level of a substance in the food and a disease or health-related condition."

102.   All Market's display of the heart-shaped plate directly adjacent to the claim that its Vita Coco Coconut Oil has "[a] gazillion percent less cholesterol than butter (in other words, zero)," is an implied health claim because it suggests, within the context in which it is presented, that a relationship exists between the level of cholesterol in Vita Coco Coconut Oil and heart disease and overall heart health.

103.   "No expressed or implied health claim may be made on the label or in labeling for a food, regardless of whether the food is in conventional food form or dietary supplement form, unless . . . [n]one of the disqualifying levels identified in paragraph (a)(4) of this section is exceeded in the food," 21 C.F.R. § 101.14(e)(3).

104.   Paragraph (a)(4) sets "[d]isqualifying nutrient levels" for "total fat, saturated fat, cholesterol, [and] sodium" and prohibits health claims on any product that exceeds those limits. 21 C.F.R. § 101.14(a)(4).

105.   Products are prohibited from bearing health claims if they contain "13.0 grams (g) of fat, [or] 4.0 g of saturated fat . . . per reference amount customarily consumed, per label

*Gilbert v. All Market, Inc.*, Case No. 16-cv-6510
COMPLAINT

serving size, and, only for foods with reference amounts customarily consumed of 30 g or less or 2 tablespoons or less, per 50 g."

106.   Because Vita Coco Coconut Oil contains 14 grams of total fat per RACC (or 50 grams total fat per 50 gram serving) and 12 grams of saturated fat per RACC (or 42.6 grams of saturated fat per 50 gram serving), Vita Coco Coconut Oil is disqualified from bearing any health claims. Accordingly, the unauthorized implied health claim on the label of Vita Coco Coconut Oil renders it misbranded.

107.   Section 101.14(e) also provides that "[n]o expressed or implied health claim may be made on the label or in labeling for a food . . . unless . . . the food contains 10 percent or more of the Reference Daily Intake or the Daily Reference Value for vitamin A, vitamin C, iron, calcium, protein, or fiber per reference amount customarily consumed prior to any nutrient addition." 21 C.F.R. § 101.14(e)(6).

108.   Because Vita Coco Coconut Oil does not contain 10 percent or more of any of these nutrients, it is not authorized to bear the implied health claim, and is, accordingly, misbranded.

109.   Further, "[n]o expressed or implied health claim may be made on the label or in labeling for a food . . . unless . . . [t]he claim is specifically provided for in subpart E of this part," 21 C.F.R. § 101.14(e)(1).

110.   Subpart E, and more specifically, 21 C.F.R. § 101.75, permits certain health claims relating to "dietary saturated fat and cholesterol and risk of coronary heart disease" only if certain requirements are met.

111.   Section 101.75 requires, *inter alia*, that any health claims relating to "dietary saturated fat and cholesterol and risk of coronary heart disease," "state[ ] that diets low in saturated fat and cholesterol 'may' or 'might' reduce the risk of heart disease," 21 C.F.R. § 101.75(c)(2)(i)(A), and "[i]n specifying the disease, the claim uses the terms 'heart disease' or 'coronary heart disease'," 21 C.F.R. § 101.75(c)(2)(i)(B), "[i]n specifying the nutrient, the claim uses the terms 'saturated fat' and 'cholesterol' and lists both," 21 C.F.R. §

101.75(c)(2)(i)(C), and "[t]he claim states that coronary heart disease risk depends on many factors," 21 C.F.R. § 101.75(c)(2)(i)(E).

112.   Further, section 101.75 requires that "[t]he food shall meet all of the nutrient content requirements of 101.62 for a 'low saturated fat,' . . . and 'low fat' food," 21 C.F.R. § 101.75(c)(ii).

113.   All Market's implied health claim does not comply with these requirements of 21 C.F.R. § 101.75, and is thus an unauthorized health claim, rendering Vita Coco Coconut Oil misbranded.

## VI.   Plaintiff's Purchase, Reliance and Injury

114.   Plaintiff Kenneth Gilbert has purchased the 14-fluid-ounce Vita Coco Coconut Oil approximately two times in or around June 2016 and July 2016. Mr. Gilbert purchased Vita Coco Coconut Oil from the Pack 'N Save located at 3889 San Pablo Avenue, Emeryville, California 94608. Mr. Gilbert paid approximately $8 each time he purchased Vita Coco Coconut Oil.

115.   When deciding to purchase Vita Coco Coconut Oil, plaintiff read the Vita Coco Coconut Oil's label and relied upon at least the following labeling claims contained thereon, which were a substantial reason for plaintiff's purchases:

        a.    "A gazillion percent less cholesterol than butter (in other words, zero)";

        b.    "Take 1-2 teaspoons a day for oil kinds of health benefits"; and

        c.    "The new 'in-gredient' for cooking, baking, and frying."

116.   Based on these representations, individually and especially in the context of the label as a whole (including the heart-shaped plate vignette), plaintiff believed Vita Coco Coconut Oil was healthy, healthier than butter and other oils, and would only make positive contributions to health and would not detriment his health. Plaintiff understood the label's health claims to be directed to the product's purported nutritional health benefits.

117.   When purchasing Vita Coco Coconut Oil, plaintiff was seeking a product that had the qualities described on the Vita Coco Coconut Oil label, namely, a healthy oil that was

significantly healthier than butter, and which therefore would not increase risk of CHD, stroke, and other morbidity.

118.   These representations, however, were false and misleading, and had the capacity, tendency, and likelihood to confuse or confound plaintiff and other consumers acting reasonably (including the putative Class members) because, as described in detail herein, Vita Coco Coconut Oil is not healthy or significantly healthier than butter, but instead its consumption increases the risk of CHD, stroke, and other morbidity.

119.   Plaintiff is not a nutritionist, food expert, or food scientist, but rather a lay consumer who did not have the specialized knowledge that All Market had. Plaintiff acted reasonably in relying on the health and wellness claims that All Market intentionally placed on the Vita Coco Coconut Oil's label with the intent to induce average consumers into purchasing the product.

120.   All Market's Vita Coco Coconut Oil costs more than similar products without misleading labeling, and would have cost less absent the false and misleading statements complained of herein.

121.   Plaintiff paid more for Vita Coco Coconut Oil, and would only have been willing to pay less, or unwilling to purchase it at all, absent the false and misleading labeling.

122.   For these reasons, All Market's Vita Coco Coconut Oil was worth less than what plaintiff paid for it, and may have been worth nothing given its high total fat and saturated fat content, subjecting plaintiff to increased risk of CHD, stroke, and other morbidity.

123.   By use of its misleading labeling, All Market created increased marketplace demand for Vita Coco Coconut Oil, and increased its market share, relative to what its demand and share would have been had All Market labeled Vita Coco Coconut Oil truthfully.

124.   Instead of receiving a product that had actual healthful qualities, plaintiff and the Class received a coconut oil which is not healthy, but rather its consumption causes increased risk of CHD, stroke, and other morbidity.

125.   Plaintiff would not have purchased the Vita Coco Coconut Oil if he knew that its labeling claims were misleading.

126.   Plaintiff lost money as a result of All Market's deceptive claims and practices in that he did not receive what he paid for when purchasing Vita Coco Coconut Oil.

127.   Plaintiff detrimentally altered his position and suffered damages in an amount equal to the amount he paid for the Vita Coco Coconut Oil, or at least some portion thereof.

128.   If plaintiff could be assured that any health and wellness labeling on the Vita Coco Coconut Oil was lawful and not misleading, and its price not inflated as a result of its false advertising, he would consider purchasing the product in the future.

129.   Were All Market to remove the false and misleading claims and the price of the product is reduced accordingly, plaintiff may desire to purchase Vita Coco Coconut Oil in the future for cosmetic or purposes other than direct consumption.

130.   Even aware of All Market's misleading labeling, plaintiff's substantive rights continue to be violated every time plaintiff is exposed to a misleading Vita Coco Coconut Oil label.

131.   The senior officers and directors of All Market allowed the Vita Coco Coconut Oil to be sold with full knowledge or reckless disregard that the challenged claims are fraudulent, unlawful, and misleading.

## CLASS ACTION ALLEGATIONS

132.   While reserving the right to redefine or amend the class definition prior to seeking class certification, pursuant to Federal Rule of Civil Procedure 23, plaintiff seeks to represent a class of all persons in California who, at any time August 1, 2014 to the time a class is notified (the "Class Period"), purchased, for personal or household use, and not for resale or distribution, All Market's Vita Coco Coconut Oil (the "Class").

133.   The members of the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class Members in a single action will provide substantial benefits to the parties and Court.

134.   Questions of law and fact common to plaintiff and the Class include:

a.   whether All Market communicated a message regarding healthfulness of Vita Coco Coconut Oil through its packaging and advertising;

b.   whether that message was material to reasonable consumers;

c.   whether the challenged claims are false, misleading, or reasonably likely to deceive the public or consumers acting reasonably because of the high total and saturated fat content of Vita Coco Coconut Oil;

d.   whether All Market's conduct violates public policy;

e.   whether All Market's conduct violates state or federal food statutes or regulations;

f.   the proper amount of damages, including punitive damages;

g.   the proper amount of restitution;

h.   the proper scope of injunctive relief; and

i.   the proper amount of attorneys' fees.

135.   These common questions of law and fact predominate over questions that affect only individual Class Members.

136.   Plaintiff's claims are typical of Class Members' claims because they are based on the same underlying facts, events, and circumstances relating to All Market's conduct. Specifically, all Class Members, including plaintiff, were subjected to the same misleading and deceptive conduct when they purchased Vita Coco Coconut Oil, and suffered economic injury because Vita Coco Coconut Oil product is misrepresented. Absent All Market's business practice of deceptively and unlawfully labeling Vita Coco Coconut Oil, plaintiff and Class members would not have purchased the product.

137.   Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interests incompatible with the interests of the Class, and has retained counsel competent and experienced in class action litigation, and specifically in litigation involving

the false and misleading advertising of foods, and even more specifically in litigation involving the false and misleading advertising of coconut oil as healthy.

138.   Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class Member is small, such that, absent representative litigation, it would be infeasible for Class Members to redress the wrongs done to them.

139.   All Market has acted on grounds applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

140.   As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3). In addition, it may be appropriate to maintain this action as a class action with respect to particular issues.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violations of the Unfair Competition Law,

### Cal. Bus. & Prof. Code § 17200 *et seq.*

141.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

142.    The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §17200.

143.   The acts, omissions, misrepresentations, practices, and non-disclosures of All Market as alleged herein constitute business acts and practices.

### Fraudulent

144.   A statement or practice is fraudulent under the UCL if it is likely to deceive the public, applying a reasonable consumer test.

145.   As set forth herein, the All Market's claims relating to Vita Coco Coconut Oil are likely to deceive reasonable consumers and the public.

**Unlawful**

146.   The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

•   The California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 109875, *et seq.*

•   The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.*

•   The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and

•   The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*

**Unfair**

147.   All Market's conduct with respect to the labeling, advertising, and sale of Vita Coco Coconut Oil was also unfair because it violated public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the False Advertising Law, portions of the Federal Food, Drug, and Cosmetic Act, and portions of the California Sherman Food, Drug, and Cosmetic Law.

148.   All Market's conduct with respect to the labeling, advertising, and sale of Vita Coco Coconut Oil was also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

149.   All Market's conduct with respect to the labeling, advertising, and sale of Vita Coco Coconut Oil was unfair because All Market's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

150.   The harm to consumers health caused by increased consumption of the product due to the deceptive claims is not outweighed by the benefit of increased profits gained from the deceptive claims.

151.   All Market profited from its sale of the falsely, deceptively, and unlawfully advertised Vita Coco Coconut Oil to unwary consumers.

152.   Plaintiff and Class Members are likely to be damaged by All Market's deceptive trade practices, as All Market continues to disseminate misleading information. Thus, injunctive relief enjoining this deceptive practice is proper.

153.   All Market's conduct caused and continues to cause substantial injury to plaintiff and the other Class Members, who have suffered injury in fact as a result of All Market's unlawful conduct.

154.   In accordance with Bus. & Prof. Code § 17203, plaintiff, on behalf of himself, the Class, and the general public, seeks an order enjoining All Market from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

155.   Plaintiff, on behalf of himself and the Class also seeks an order for disgorgement and restitution of all monies from the sale of Vita Coco Coconut Oil, which were unjustly acquired through acts of unlawful competition.

## SECOND CAUSE OF ACTION
### Violations of the False Advertising Law,
### Cal. Bus. & Prof. Code §§ 17500 *et seq.*

156.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

157.   Under the FAL, "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

158.   As alleged herein, the advertisements, labeling, policies, acts, and practices, of All Market relating to its Vita Coco Coconut Oil misled consumers acting reasonably as to the healthfulness of Vita Coco Coconut Oil.

159.   Plaintiff suffered injury in fact as a result of All Market's actions as set forth herein because plaintiff purchased Vita Coco Coconut Oil in reliance on All Market's false and misleading marketing claims that the product, among other things, is inherently healthy, is healthier than butter and other oils, and does not negatively affect blood cholesterol levels.

160.   All Market's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to the FAL because All Market has advertised the Vita Coco Coconut Oil in a manner that is untrue and misleading, which All Market knew or reasonably should have known.

161.   All Market profited from its sales of the falsely and deceptively advertised Vita Coco Coconut Oil to unwary consumers.

162.   As a result, pursuant to Cal. Bus. & Prof. Code § 17535, plaintiff and the Class are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which All Market was unjustly enriched.

### THIRD CAUSE OF ACTION

### Violations of the Consumer Legal Remedies Act,

### Cal. Civ. Code §§ 1750 *et seq.*

163.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

164.   The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

165.   All Market's false and misleading labeling and other policies, acts, and practices described herein were designed to, and did, induce the purchase and use of All Market's Vita Coco Coconut Oil for personal, family, or household purposes by plaintiff and other Class Members, and violated and continue to violate at least the following sections of the CLRA:

   a.     § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

*Gilbert v. All Market, Inc.*, Case No. 16-cv-6510
COMPLAINT

b.      § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

c.      § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

d.      § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

166.   All Market profited from its sales of the falsely, deceptively, and unlawfully advertised Vita Coco Coconut Oil to unwary consumers.

167.   All Market's wrongful business practices regarding the Vita Coco Coconut Oil constituted, and constitute, a continuing course of conduct in violation of the CLRA.

168.   Pursuant to California Civil Code § 1782, on or around September 12, 2016, plaintiff Kenneth Gilbert notified All Market in writing by certified mail, return receipt requested of their claims and the particular violations of § 1770 of the Act, but All Market failed to remedy the violations within 30 days thereafter. Because All Market failed to implement remedial measures, plaintiff Kenneth Gilbert, on behalf of himself and the Class, seeks actual and punitive damages, including attorneys' fees.

169.   Plaintiff, on behalf of himself and the Class, seeks injunctive relief under Civil Code § 1782(d).

170.   In compliance with Cal. Civ. Code § 1780(d), plaintiff's affidavit of venue is filed concurrently herewith.

**FOURTH CAUSE OF ACTION**

**Breaches of Express Warranties,**

**Cal. Com. Code § 2313(1)**

171.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

172.   Through the Vita Coco Coconut Oil label, All Market made affirmations of fact or promises, or description of goods, that, *inter alia*, the product provides "health benefits"

when consumed. This and other representations were "part of the basis of the bargain," in that plaintiff and the Class purchased the product in reasonable reliance on those statements. Cal. Com. Code § 2313(1).

173. All Market breached its express warranties by selling a product that is not healthy, not healthier than butter or other oils, and that negatively affects cholesterol levels, increasing risk of CHD, stroke, and other morbidity.

174. That breach actually and proximately caused injury in the form of the lost purchase price that plaintiff and Class members paid for Vita Coco Coconut Oil.

175. As a result, plaintiff seeks, on behalf of himself and other Class Members, his actual damages arising as a result of All Market's breaches of express warranty.

## FIFTH CAUSE OF ACTION
## Breach of Implied Warranty of Merchantability,
## Cal. Com. Code § 2314

176. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

177. All Market, through its acts set forth herein, in the sale, marketing, and promotion of Vita Coco Coconut Oil, made representations to plaintiff and the Class that, among other things, the product is healthy.

178. All Market is a merchant with respect to the goods of this kind which were sold to plaintiff and the Class, and there was, in the sale to plaintiff and other consumers, an implied warranty that those goods were merchantable.

179. However, All Market breached that implied warranty in that Vita Coco Coconut Oil is not healthy, is not healthier than butter or other oils, and negatively affects cholesterol levels, increasing risk of CHD and stroke, as set forth in detail herein.

180. As an actual and proximate result of All Market's conduct, plaintiff and the Class did not receive goods as impliedly warranted by All Market to be merchantable in that they did not conform to promises and affirmations made on the container or label of the goods.

181.   Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of Vita Coco Coconut Oil's purchase price or some portion thereof.

## PRAYER FOR RELIEF

182.   Wherefore, plaintiff, on behalf of himself, all others similarly situated, and the general public, pray for judgment against All Market as to each and every cause of action, and the following remedies:

A.     An Order declaring this action to be a proper class action, appointing plaintiff as class representative, and appointing undersigned counsel as class counsel;

B.     An Order requiring All Market to bear the cost of class notice;

C.     An Order enjoining All Market from using any challenged labeling or marketing claim that is found to be false, misleading, or unlawful;

D.     An Order compelling All Market to conduct a corrective advertising campaign;

E.     An Order compelling All Market to destroy all misleading and deceptive advertising materials and Vita Coco Coconut Oil labels;

F.     An Order requiring All Market to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, or untrue or misleading advertising;

G.     An award of attorneys' fees and costs;

H.     An Order requiring All Market to pay statutory, compensatory, and punitive damages where permitted by law;

I.     Pre- and post-judgment interest; and

J.     Any other and further relief that Court deems necessary, just, or proper.

///
///
///

*Gilbert v. All Market, Inc.*, Case No. 16-cv-6510
COMPLAINT

1

**JURY DEMAND**

2

Plaintiff hereby demands a trial by jury on all issues so triable.

3

4

Dated: November 9, 2016          /s/ Jack Fitzgerald

5

**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD

6

*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN

7

*trevor@jackfitzgeraldlaw.com*

8

MELANIE PERSINGER
*melanie@jackfitzgeraldlaw.com*

9

Hillcrest Professional Building

10

3636 Fourth Avenue, Suite 202
San Diego, California 92103

11

Phone: (619) 692-3840

12

Fax: (619) 362-9555

13

**THE LAW OFFICE OF PAUL K. JOSEPH, PC**
PAUL K. JOSEPH

14

*paul@pauljosephlaw.com*

15

4125 W. Point Loma Blvd. #206
San Diego, CA 92110

16

Phone: (619) 767-0356

17

Fax: (619) 331-2943

18

***Attorneys for Plaintiff and the Proposed Class***

19

20

21

22

23

24

25

26

27

28

*Gilbert v. All Market, Inc.*, Case No. 16-cv-6510
COMPLAINT